IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 1 2 2003

Michael N. Milby
Clerk of Court

MIGUEL ANGEL AVINA-FABELA,          )
                                    )
        Petitioner,                 )
                                    )
v.                                  )      CIVIL ACTION NO.
                                    )          B-03-172
A.G. WINFREY, et al.                )
                                    )
        Respondents.                )
_____)

## RESPONDENTS' MOTION TO DISMISS
## THE PETITION FOR WRIT OF HABEAS CORPUS
## WITH INCORPORATED POINTS AND AUTHORITIES

COME NOW the Respondents, by and through Michael T. Shelby, United States Attorney for the Southern District of Texas, and file this Motion to Dismiss the Petition for Writ of Habeas Corpus with Incorporated Points and Authorities in this case. The petition for writ of habeas corpus should be dismissed because it fails to state a claim upon which relief can be granted.

### STATEMENT OF THE FACTS

The Petitioner, Miguel Angel Avina-Fabela ("Avina-Fabela") was a lawful permanent resident of the United States, having obtained that status on April 29, 1971. On December 10, 1997, Avina-Fabela was convicted in the 107th Judicial District Court of Texas, Cameron County, of possession of a controlled substance,

cocaine, a state jail felony.  Avina-Fabela entered a plea of guilty.  The adjudication of guilt was deferred and he was placed on four years community supervision.  Government Exh. A.

On December 10, 1997, the Immigration and Naturalization Service, now part of the U.S. Department of Homeland Security, issued a Notice to Appear to Avina-Fabela charging that he was removable from the United States for having been convicted of a violation of a law relating to a controlled substance pursuant to §237(a)(2)(B) of the Immigration and Nationality Act ("Act"), 8 U.S.C. §1227(a)(2)(B).  Avina-Fabela admitted the allegations of fact numbered 1 through 3 as set out in the Notice to Appear.  He denied factual allegation 4, which relate to the conviction, and the charge of removability.  Government Exhs. B and C.

In a decision issued on April 8, 2002, the immigration judge found Avina-Fabela was subject to removal based on the charge contained in the Notice to Appear.  Further, the immigration judge found that Avina-Fabela was ineligible for any relief from removal and ordered his removal to Mexico.  Government Exh. C.

Avina-Fabela reserved his right to appeal and timely filed a Notice of Appeal with the Board of Immigration Appeals ("Board").  In a decision dated September 9, 2003, the Board affirmed, without opinion, the immigration judge's decision.  Government Exh. D.

2

Avina-Fabela then filed the instant petition for writ of habeas corpus.

## ARGUMENTS

### I.  THE BOARD OF IMMIGRATION APPEALS' DECISION DOES NOT VIOLATE AVINA-FABELA'S DUE PROCESS RIGHTS.

In order to manage the Board's enormous caseload, regulations were promulgated to help the Board review the cases more efficiently. 8 C.F.R. §1003.1(e). This "streamlining" allows for the Chairman of the Board to assign cases to a single Board member for review, unless the case meets the standards of review by a three-member panel in accordance with 8 C.F.R. §1003.1(e)(6).

Avina-Fabela seems to question whether Board member Grant properly used these "streamlining" regulations, which permit a single Board member, to whom the case is assigned, to:

> affirm the decision of the Service or the immigration judge, without opinion, if the Board member determines that the result reached in the decision under review was correct; that any errors in the decision under review were harmless, and that (A) [t]he issues on appeal are squarely controlled by existing Board or federal court precedent and do not involve the application of precedent to a novel factual situation; or (B) [t]he factual and legal issues raised on appeal are not so substantial that the case warrants the issuance of a written opinion in the case.

3

8 C.F.R. §1003.1(e)(i)(4).  The regulations set out the language

to be used in the order.  8 C.F.R. §1003.1(e)(ii)(4).  Further

the regulations state that the order shall not include further

explanation or reasoning, approves the result reached in the

decision below, and that any errors were harmless or

nonmaterial.  Id.  Avina-Fabela believes streamlining procedures

are unconstitutional.

    The Board has held that:

> Nevertheless, our independent review
> authority does not preclude the Board from
> adopting or affirming a decision of the
> immigration judge, in whole or in part, when
> we are in agreement with the reasoning and
> result of that decision.  In this situation,
> the Board's final decision may be rendered
> in a summary fashion; however, such summary
> treatment of a case does not mean that we
> have conducted an abbreviated review of the
> record or have failed to exercise our own
> discretion.  Rather, it is simply a
> statement that the Board's conclusions **upon
> review of the record** coincide with those
> which the immigration judge articulated in
> his or her decision.  . . . we reiterate
> that the Board relies upon its own
> independent judgment in deciding the
> ultimate disposition of a case when
> reviewing a discretionary determination of
> an immigration judge.

Matter of Burbano, 20 I&N Dec. 872, 874 (BIA 1994) (emphasis

added).  In deciding a case involving the summary affirmance

regulations, the "First Circuit reasoned that they could not

infer, in the absence of evidence, that the BIA did not conduct the required review of the immigration judge's decision merely because it used a streamlined summary affirmance procedure in order to manage its caseload." Soadjede v. Ashcroft, 324 F.3d 830, 832 (5th Cir. 2003) (referring to Albathani v. INS, 318 F.3d 365, 379 (1st Cir. 2003)). Circuits have recognized that they themselves use one-line summary affirmances or summary disposition of cases. "These are workload management devices that acknowledge the reality of high caseloads. They do not, either alone or in combination with caseload statistics, establish that the required review is not taking place." Albathani at 379.

At least five Circuit Courts have considered similar constitutional challenges and have concluded that streamlining does not violate an alien's due process rights. See Albathani v. INS, 318 F.3d 365, 379 (1st Cir. 2003); Soadjede v. Ashcroft, 324 F.3d 830, 833 (5th Cir. 2003); Georgis v. Ashcroft, 328 F.3d 962, 967 (7th Cir. 2003); Carriche v. Ashcroft, 335 F.3d 1009, 1013 (9th Cir. 2003); Mendoza v. U.S. Attorney General, 327 F.3d 1283, 1289 (11th Cir. 2003). Avina-Fabela was afforded a full hearing before an immigration judge. He was allowed to present evidence in support of his position that he should be allowed to apply for relief. The immigration judge issued a reasoned opinion. Avina-

5

Fabela was given the opportunity to appeal his case to the Board and allowed to submit a brief in support thereof.  Avina-Fabela received a decision from the Board.

Avina-Fabela does not have a constitutional right to appeal.  He is entitled to an administrative appeal by statute. The Board is not required to do more than is set forth in the statute or regulations.  When the Board issues a summary affirmance, the immigration judge's decision becomes the final agency decision subject to review.  Such procedures do not violate Avina-Fabela's due process rights.  Board member Grant reviewed the record of proceedings, determined that the immigration judge's decision was sound, and issued the summary order affirming the immigration judge's decision to remove Avina-Fabela from the United States.

> **II.  AVINA-FABELA'S TEXAS CONVICTION FOR POSSESSION OF A CONTROLLED SUBSTANCE, COCAINE, MEETS THE DEFINITION OF "CONVICTION" AS THAT TERM IS DEFINED BY THE IMMIGRATION AND NATIONALITY ACT.**

Section 101(a)(48) of the Act, 8 U.S.C. §1101(a)(48), creates a uniform definition of conviction that is no longer dependent upon the vagaries of state law, and that requires an alien who has received deferred adjudication after a plea of guilty and the imposition of some form of probation to be considered convicted for immigration purposes, regardless of

whether there are further proceedings available on the issue of guilt or innocence upon his violation of probation.  Moosa v. INS, 171 F.3d 994, 1004-06 (5th Cir. 1999); see also Matter of Punu, 22 I&N Dec. 224 (BIA 1998) (the third prong of Ozkok for determining whether a conviction exists with regard to deferred adjudication has been eliminated by §101(a)(48) of the Act, 8 U.S.C. §1101(a)(48) and deferred adjudication in Texas is a conviction for immigration purposes); Matter of Roldan-Santoyo, 22 I&N Dec. 512 (BIA 1999) (an alien has been convicted for immigration purposes where there is a finding or admission of guilt and some punishment is imposed).

Avina-Fabela pled guilty in state court to possession of a controlled substance, cocaine, and was placed on community supervision for four years after adjudication of guilt was deferred.  Pursuant to §101(a)(48) of the Act, 8 U.S.C. §1101(a)(48), this properly constitutes a conviction because there was a guilty plea and some form of punishment or restraint on liberty.

Petitioner incorrectly states that §101(a)(48) of the Act, 8 U.S.C. §1101(a)(48), "requires a finding of guilt and some form of sentence or punishment."  Petition for Writ of Habeas Corpus at ¶21.  Based on this incorrect reading of the statute, Avina-Fabela argues that he has never been sentenced according

to Texas law and that he has not been found guilty.
Consequently, Avina-Fabela believes that he has not been
convicted.  However, the Act allows that, if adjudication of
guilt has been withheld and "a judge or jury found the alien
guilty or the alien has entered a plea of guilty . . . and the
judge has ordered some form of punishment, penalty, or restraint
on the alien's liberty … ", he has been convicted.  §101(a)(48)
of the Act, 8 U.S.C. §1101(a)(48).  Avina-Fabela entered a plea
of guilty and the judge clearly ordered some form of punishment
or restraint on his liberty by placing him on community
supervision for four years.

     Section 101(a)(48) of the Act, 8 U.S.C. §1101(a)(48),
eliminates the prior administrative and judicial exceptions for
state deferred adjudications, prejudgment probations, vacated or
expunged offenses, or first-time state drug offenses.  The plain
reading of the statute supports this conclusion.  Avina-Fabela
has been convicted for immigration purposes.

### III.  AVINA-FABELA'S TEXAS CONVICTION FOR POSSESSION OF A CONTROLED SUBSTANCE, COCAINE, MEETS THE DEFINITION OF "AGGRAVATED FELONY" AS INTERPRETED BY THE BOARD OF IMMIGRATION APPEALS AND THE FIFTH CIRCUIT COURT OF APPEALS.

     Avina-Fabela claims that his Texas conviction for
possession of a controlled substance, cocaine, should not be

8

considered an "aggravated felony" because cases arising in the

Fifth Circuit are treated differently from cases arising in

other Circuit Court jurisdictions.  Specifically, Avina-Fabela

believes that the application of the Board's decision in the

Matter of Salazar-Regino, 23 I&N Dec. 223 (BIA 2002), violates

equal protection and his procedural due process rights.[1]

The term "aggravated felony" was first added to the Act by

§7342 of the Anti-Drug Abuse Act of 1988, Pub. L. 100-690, 102

Stat. 4181.  The term was first defined within the federal

sentencing guidelines.  The types of crimes with immigration

consequences have expanded over the years to its present

definition.  §101(a)(43) of the Act, 8 U.S.C. §1101(a)(43).

Included in the definition of "aggravated felony" is "illicit

trafficking in a controlled substance."  §101(a)(43)(B) of the

Act, 8 U.S.C. §1101(a)(43)(B).

The Fifth Circuit addressed the same concerns expressed by

Avina-Fabela - the lack of uniform application of the law, both

within the Circuit and throughout the United States - in May 2001.

U.S. v. Hernandez-Avalos, 251 F.3d 505 (5th Cir. 2001). Like

---

[1] The Honorable Hilda G. Tagle, United States District Judge for
the Southern District of Texas, Brownsville Division, addressed
this procedural challenge in Salazar-Regino v. Trominski, et
al., B-02-045, and the cases consolidated therewith, finding
that the correct application of the proper definition of
"aggravated felony" did not violate procedural due process.

Hernandez-Avalos, who had been convicted of a drug offense, Avina-Fabela suggests that it is fundamentally unfair to apply the strict interpretation of "aggravated felony" as set out in U.S. v. Hinojosa-Lopez, 130 F.3d 691 (5th Cir. 1997), in some cases and the more lenient Board precedent to other cases. Avina-Fabela contends that since he was found by the Board of having been convicted of an aggravated felony, he was not afforded the same opportunities as an alien whose removal proceedings were conducted at an earlier time and followed then-existing Board precedent. The Fifth Circuit clearly rejected that contention finding no reason "to hold that it is fundamentally unfair to treat Hernandez [or Avina-Fabela] as an aggravated felon because he should have the benefit of an agency's erroneous interpretation of applicable law." Hernandez-Avalos at 509.

Avina-Fabela's further claim that applying the Board's decision in Matter of Roldan-Santoyo, 22 I&N Dec. 512 (BIA 1999) to his case deprives him of procedural due process involving fair notice is suspect. Avina-Fabela's conviction was entered in December 1997, over one year after the enactment of Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3546 (Sept. 30, 1996) ("IIRIRA"). It is absurd to believe that Avina-Fabela considered the immigration consequences of his actions prior to engaging in his

criminal activity.  Likewise, if Avina-Fabela had truly considered the immigration consequences as strategy in his criminal proceedings, he would have been alerted to the sweeping statutory changes brought about by IIRIRA and the ever-changing judicial interpretations.   He should have been cautious in relying on decisions rendered prior to its enactment when considering how to proceed with his criminal case.

Avina-Fabela has been convicted of an "aggravated felony" as that term is defined by the Act and interpreted by the Board and the Fifth Circuit.  The immigration judge did not err in ordering Avina-Fabela's removal from the United States, nor did the Board err in affirming that decision.

### CONCLUSION

Based on the foregoing reasons, Avina-Fabela's petition for writ of habeas corpus should be dismissed.

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney
Southern District of Texas

LISA M. PUTNAM
Special Assistant U.S. Attorney
P.O. Box 1711
Harlingen, Texas 78551
Tel:  (956) 389-7051
Georgia Bar No. 590315
December 12, 2003      Federal Bar No. 23937

11

CERTIFICATE OF SERVICE


I hereby certify that a true copy of the foregoing Respondents' Motion to Dismiss the Petition for Writ of Habeas Corpus with Incorporated Points and Authorities was mailed via first class mail, postage prepaid to:

        Jodi Goodwin, Esquire
        1322 E. Tyler Ave.
        Harlingen, TX  78550

on this 12th day of December, 2003.



LISA M. PUTNAM
Special Assistant United States Attorney

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| MIGUEL ANGEL AVINA-FABELA, | ) | |
| | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | B-03-172 |
| A.G. WINFREY, et al. | ) | |
| | ) | |
|     Respondents. | ) | |
| _____ | ) | |



CERTIFIED COPY

# IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

THE GRAND JURORS, for the County of Cameron, State aforesaid, duly organized as such at the    JULY

Term, A. D. 19 97 , of the    197TH JUDICIAL DISTRICT    in and for

said County, upon their oaths in said Court, present that    MIGUEL ANGEL FABELA AVINA

hereinafter called Defendant ,

on or about the    26TH    ,day of    JULY    A. D One Thousand Nine

Hundred and    NINETY-SEVEN    and anterior to the presentment of this indictment, in the County of

Cameron and State of Texas, did then and there unlawfully intentionally    and    knowingly

possess a controlled substance, to wit, **cocaine**, in an amount by

aggregate weight, including any adulterants and dilutants, of less than

1 gram,

against the peace and dignity of the State.

Foreman of the Grand Jury

97-CR- 954-A

THE STATE OF TEXAS }
COUNTY OF CAMERON }

, AURORA DE LA GARZA, Clerk of the District Courts of Cameron County, Texas, do hereby certify that the within and fore-
going is a true and correct copy of the Original Bill of Indictment, filed in said Court on_____

_____A. D. 19_____ in Cause No._____, styled the State of Texas vs.

_____

_____

Given under my hand and seal of said court, at office in Brownsville, Texas, this_____day

of_____A. D. 19_____

AURORA DE LA GARZA , Clerk

By_____Deputy

A TRUE COPY; I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT, CAMERON COUNTY TEXAS
BY_____DEPUTY

97-CR-954-A

THE STATE OF TEXAS

vs.

MIGUEL ANGEL FABELA AVINA

**INDICTMENT**

OFFENSE:

POSSESSION OF CONTROLLED
SUBSTANCE

YOLANDA DE LEON
Criminal County Attorney

A TRUE BILL

_____
Foreman of Grand Jury

Filed on    AUG 27 1997
_____ 19

AURORA DE LA GARZA, CLERK OF
DISTRICT COURTS OF CAMERON
COUNTY TEXAS

By ELOY CORTEZ, JR._____Deputy

Amount of Bail $ 2500 PTR

08/27/97 PTR/ss

ID# 98068

NAMES OF WITNESSES

CERTIFIED COPY

CAUSE NO. 95-CR-954-A

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| VS | § | CAMERON COUNTY, TEXAS |
| MIGUEL ANGEL FABELA AVINA | § | 107TH JUDICIAL DISTRICT |

## ORDER OF DEFERRED ADJUDICATION:
## PLACEMENT ON COMMUNITY SUPERVISION

Judge Presiding: Hon. Henry Schuble          Date of Judgment: 12/12/97
State's                                                        Defendant's
Attorney:     Hon. Carlos Cisneros            Attorney: Hon. Luis Saenz

Offense: Possession of Controlled Substance
Degree or                                                  Date offense
Class of offense: State Jail Felony              Committed: 07/26/97

Charging Instrument: Indictment

Plea: Guilty

Term of Plea Agreement (In Detail): 4 years deferred plus $1,500 fine and court costs - if no
prior felony convictions (plea guilty)

Plea to Enhancement: n/a

Finding on Special Issue (In Detail): n/a

Period of Supervision: Four (4) Years              Fine: $1,500.00

Court costs:   $124.50                                  Date to Commence:   12/10/97

On the date stated above, the above numbered and entitled cause was reached and called

for trial, and the State appeared by the attorney stated above, and the Defendant and the

Defendant's attorney were also present. Thereupon, both sides announced ready for trial, and the

Defendant, Defendant's attorney, and the State's attorney agreed in open court and in writing to

waive a jury in the trial of this cause and to submit it to the Court. The Court consented to the

waiver of a jury herein. The Defendant further waived the reading of the indictment and, upon

being asked by the Court as to how the Defendant pleaded, entered a plea of guilty to

**POSSESSION OF CONTROLLED SUBSTANCE.**      Thereupon, the Defendant was

admonished by the Court of the consequences of said plea, and, it appearing to the Court that the

Defendant was competent to stand trial and that the Defendant was not influenced in making said

plea by any consideration of fear or by any persuasion prompting a confession of guilt, the free

and voluntary plea of guilty was received by the Court and is now entered of record in the



**EXHIBIT** *"A"*

minutes of the Court as the plea of the Defendant. The Court, having heard all evidence from the State and the Defendant, and having heard argument of counsel for both parties, found that there was sufficient evidence to support the Defendant's plea.

However, the Court, after due consideration, and after reviewing the pre-sentence investigation report, is of the opinion that the best interest of society and the Defendant will be served in this cause by deferring further proceedings without entering an adjudication of guilty pursuant to Texas Code of Criminal Procedure, Article 42.12, Section 5.

IT IS THEREFORE ORDERED that further proceedings in this cause shall be and are hereby deferred and the Defendant is placed on community supervision in this cause for **FOUR (4) YEARS**, beginning on this date, subject to the conditions of supervision imposed by the Court and served on the Defendant.

    (a)    Commit no offense against the laws of this State or any other State or of the United States;

    (b)    Avoid injurious or vicious habits;

    (c)    Avoid persons or places of disreputable or harmful character;

    (d)    Report to the Probation Officer at the Probation Office monthly between the second Monday and the following Friday of each month;

    (e)    Report to the Probation Officer (in addition to the reporting) required by (d) above) when, where and in the manner as may hereafter be ordered by the Court through the Probation Officer;

    (f)    Permit the Probation Officer to visit Probationer at Probationer's home, work, or elsewhere at any and all times;

    (g)    Work faithfully at suitable employment as far as possible;

    (h)    Remain in Cameron County, Texas, unless Probationer shall have first secured the written consent of the Court to leave the county and filed it in the papers of this cause;

    (i)    Pay fine in the amount of $1,500.00 within 4 years after the date of entry of this Judgment;

    (j)    Pay court costs in the sum of $124.50 within 12 months after the date of entry of this Judgment;

    (k)    Pay a community supervision fee of $40.00 per month every month of the supervision period between the first and tenth day of the month beginning in the month next following entry of this Judgment until the sum of $1,920.00 shall have been paid;

    (l)    Pay Cameron County $250.00 reimbursement for attorney's fees paid defendant's appointed counsel, within 12 months after the date of entry of this Judgment;

(m)    Pay restitution in the amount of $140.00 within 12 months after the date of entry of this Judgment;

(n)    Pay the Community Supervision and Corrections Department $200.00 reimbursement for Pre-Sentence Investigation conducted, payable within 18 months from the date of this Judgment;

(o)    Submit to drug/alcohol abuse counseling and classes as directed by the Community Supervision and Corrections Department;

(p)    Perform 120 hours of community service at 5 hours per week beginning in the month next following entry of this Judgment;

(q)    Support defendant's legal dependents;

(r)    Submit to random urine analysis by authorized personnel for the Community Supervision and Corrections Department, reveal to said authorized personnel proof of any medications legally prescribed prior to submitting specimen. A urine specimen positive for any controlled substances, dangerous drugs, or marihuana, not legally prescribed for you, may result in an adjudication of a deferred adjudication supervision or revocation of a post conviction supervision.

(s)    File with the Supervision Officer at the Community Supervision and Corrections Department between the first and tenth day of every month next following a default in any payment required of defendant by this Judgment a detailed statement in writing under oath of all income and expenses received and expended by the defendant during the entire month in which the default occurred.

(t)    File with the Supervision Officer at the Community Supervision and Corrections Department between the first and tenth day of every month next following a calendar month in which defendant was gainfully employed less than 150 hours a detailed statement in writing under oath of all efforts made by defendant to secure and hold employment during the entire month in which not gainfully employed 150 hours.

(u)    Within ten (10) days after the event, report in writing to the Supervision Officer any arrest of defendant and/or criminal charge filed against defendant.

By the term "the Supervision Officer" as used herein is meant any Cameron County Supervision Officer; by the term "Community Supervision and Corrections Department is meant the Cameron County Community Supervision and Corrections Department, First Floor, Cameron County Courthouse, Brownsville, Texas.

All payment required of defendant by this Judgment shall be paid within the time specified at the Community Supervision and Corrections Department to the Supervision Officer for which defendant shall receive the Supervision Officer's sequentially numbered receipt evidencing payment.

All payments received under this Judgment shall be forthwith deposited by the Supervision Officer in the Cameron County Community Supervision and Corrections Department Trust Fund (previously referred to as the Cameron County Adult Probation Trust Fund) in the County Depository and thereafter disbursed in accordance with the District Courts' Order of March 21, 1975, recorded in Volume 63, Page 284-A, of the Minutes of this Court. Under the authority of that Order and this Judgment, disbursement shall be made without further order of the Court:

1.  to the Texas Department of Public Safety, Restitution Accounting, P. O. Box 4087, Austin, Texas, 78773-4087, for restitution in the amount of $140.00

2.  to the District Clerk of Cameron County, Texas for court costs in the amount of $124.50;

3.  to Cameron County, Texas for reimbursement for appointed attorney's fees in the amount of $250.00;

such disbursement to be made upon full collection of the amounts above specified or periodically on a pro rata basis. All other payments made under this Judgment shall wait further written order of the Court as per the District Courts' Order of March 21, 1975.

This Court reserves all rights vested in it by law to control by its further orders, the modification and termination of the provisions of the community supervision hereinabove set out, its jurisdiction being thereby expressly reserved until the satisfactory fulfillment of the conditions of said community supervision.

IT IS FURTHER ORDERED by the Court that Defendant's left or right thumb be fingerprinted, and that said thumbprint be marked as Exhibit "A" and is made a part hereof for all purposes.

SIGNED FOR ENTRY: DECEMBER  *12* , 1997.


_____
Judge Presiding


FILED 11:30 O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK

DEC 1 2 1997

DISTRICT COURT OF CAMERON COUNTY, TEXAS


A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT/CAMERON COUNTY TEXAS
BY _____ DEPUT.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

MIGUEL ANGEL AVINA-FABELA,          )
                                    )
    Petitioner,                    )
                                    )
v.                                  )          CIVIL ACTION NO.
                                    )            B-03-172
A.G. WINFREY, et al.                )
                                    )
    Respondents.                   )
_____)



U.S. Department of Justice
Immigration and Naturalization Service

**Notice to Appear**

In removal proceedings under section 240 of the Immigration and Nationality Act

File No:   A30 260 607

In the Matter of:

Respondent:   AVINA-Fabela, Miguel Angel                    currently residing at:
**PISPC, RT.341, LOS FRESNOS, TEXAS**                        **(956) 233 4431**
(Number, street, city, state and ZIP code)                  (Area code and phone number)

☐ 1. You are an arriving alien.
☐ 2. You are an alien present in the United States who has not been admitted or paroled.
☒ 3. You have been admitted to the United Sates, but are deportable for the reasons stated below.

The Service alleges that you:
   **1. You are not a citizen or national of the United States;**
   **2. You are a native of Mexico and a citizen of Mexico;**
   **3. You were admitted to the United States at Brownsville, Texas on or about 04/29/71 as an Immigrant ;**
   **4. You were, on 12/10/97, convicted in the 107th District Court at Cameron County, Texas for the offense of Possession of a Controlled Substance, to wit: cocaine; in violation of Texas Penal Code.**

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision (s) of law:
   **Section 237(a)(2)(B)(i) of the of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, you have been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in Section 102 of the Controlled Substances Act, 21 U.S.C. 802), other than a single offense involving possession for one's own use of 30 grams or less or marijuana.**
☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution.

☐ Section 235(b)(1) order was vacated pursuant to:  ☐ 8 CFR 208.30(f)(2)   ☐ 8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:
**Executive Office For Immigration Review, 201 East Jackson, Harlingen, Texas 78550f**
(Complete Address of Immigration Court, Including Room Number, if any)
on    **TO BE SET**    at _____    to show why you should not be removed from the United States based on the
       (Date)              (Time)
charge(s) set forth above.

Assist. Dist. Dir. for Det and Dep
(Signature and Title of Issuing Officer)

Date:   December 10, 1997            HARLINGEN, TEXAS
                                     (City and State)

**See reverse for important information**

Form I-862 (Rev. 4-1-97)

**Notice to Respondent**

**Warning: Any statement you make may be used against you in removal proceedings.**

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so chose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16. Unless you request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at not cost will be provided with this Notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case. If any document is in a foreign language, you must bring the original and a certified English translation of the document. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible or deportable on the charges contained in the Notice to Appear. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have the right to appeal an adverse decision by the immigration judge.

You will be advised by the immigration judge before whom you appear, of any relief from removal for which you may appear eligible including the privilege of departing voluntarily. You will be given reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:** You are required to provide the INS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide and address at which you may be reached during proceedings then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

---

**Request for Prompt Hearing**

To expedite a determination in my case, I request an immediate hearing. I waive my right to have a 10-day period prior to appearing before an immigration judge.

_____
(Signature of Respondent)

Before: _____
I / AGENT
(Signature and Title of INS Officer)

Date: 12-10-97

---

**Certificate of Service**

This Notice to Appear was served on the respondent by me on 12/10/97 (date) , in the following manner and in compliance with section 239(a)(1)(F) of the Act:

☒ in person          ☐ by certified mail, return receipt requested          ☐ by regular mail

☒ Attached is a list of organizations and attorneys which provide free legal services.

☒ The alien was provided oral notice in the **Spanish** language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

_____          _____
(Signature of Respondent if Personally Served)          I / AGENT
(Signature and Title of Officer)

Form I-862(Rev 4-1-97)

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

MIGUEL ANGEL AVINA-FABELA,            )
                                      )
        Petitioner,                   )
                                      )
v.                                    )        CIVIL ACTION NO.
                                      )        B-03-172
A.G. WINFREY, et al.                  )
                                      )
        Respondents.                  )
_____ )



GOVERNMENT
EXHIBIT
C

CH

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
Harlingen, Texas

File No.:    A 30 260 607                    April 8, 2002

In the Matter of                )
                                )
MIGUEL ANGEL AVINA-FABELA        )  IN REMOVAL PROCEEDINGS
                                )
                Respondent       )

CHARGE:

APPLICATIONS:


ON BEHALF OF RESPONDENT:          ON BEHALF OF SERVICE:

Jodi Goodwin, Esquire             Cheril Jones, Esquire


## ORAL DECISION OF THE IMMIGRATION JUDGE

At a hearing held on February 11th, 1998, Mr. Avina appeared and through counsel admitted to the first three allegations in the charging document pertaining to the issue of alienage as well as the date, time and manner of admission into the United States.  However, he denied the fourth allegation pertaining to the underlying charge in the case. He also denied the charge of removability in this case.

A hearing on the merits was scheduled for the issue of removability for March the 6th, 1998.  Mr. Avina who was in Service detention at that time had already been released from Service custody on March 6th, 1998.  The matter was

1

JUN  4 2002

CH

transferred to the main Court here in Harlingen, Texas.

The matter was thereafter rescheduled on a number of occasions for various reasons both at the request of the respondent as well at the request of the Service.

At a hearing on April 19th, 1999, this Court found that Mr. Avina was removable as charged in the charging document.

Mr. Avina designated Mexico as the country for removal should that become necessary.  He also requested and was granted the opportunity to apply for relief in the form of cancellation of removal and voluntary departure.

The matter was scheduled for a hearing on August 3rd, 1999, in order for Mr. Avina to file his application for relief.

Mr. Avina through counsel did timely file his application for relief on August 3rd, 1999.  The matter was scheduled for a hearing on the merits of any and all applications for relief for March 13th, 2000.

Once again the matter was reset on a number of occasions either because the Court had a scheduling conflict or at the request of Mr. Avina.

Finally, on April the 12th, 2001, this matter was scheduled for a hearing on the merits of Mr. Avina's application for relief for April the 8th, 2002.

A 30 260 607                        2                April 8, 2002

CH

Prior to that hearing, Mr. Avina filed with the Court a motion to terminate proceedings in a memorandum of law. The Court would note that the Service did not file any opposition to said memorandum.

A hearing was conducted on April the 8th, 2002. At that time, both parties rested on the evidence and pleadings that were already part of the record. The only issue remaining before the Court at this time is whether Mr. Avina is eligible for the relief that he is seeking.

## Legal Conclusions and Findings of the Court

Both the Board of Immigration Appeals ("Board") as well as the 5th Circuit recently have had occasion to address the definition of "aggravated felonies" as that term is applied concerning convictions for drug-related offenses. See U.S. v. Enos Lopez, 130 F.3d 691 (5th Cir. 1997); Matter of Salazar, 23 I&N Dec. 223 (BIA 2002).

In U.S. v. Enos Lopez, supra, the 5th Circuit concluded that a conviction constitutes an aggravated felony if the offense was punishable under the Federal Controlled Substances Act and it was a felony whether under State or Federal law.

In interpreting Enos Lopez, supra, the Board concluded In re Salazar, supra, that an individual who has been convicted of a controlled substances offense under the

A 30 260 607                    3                    April 8, 2002

CH

Texas Code of Criminal Procedure, wherein said offense was charged and adjudicated as a felony, constitutes an aggravated felony for purposes of Immigration law.  Id.

The Court would note that in Enos Lopez, supra, the 5th Circuit noted that it was irrelevant the nature or quantity of the contraband or the severity of the sentence imposed.  See U.S. v. Lopez, 130 F.3d 694.

On December 10, 1997, Mr. Avina was convicted for the felony offense of possession of a controlled substance. He was given an order of deferred adjudication and placed on community supervision as a result of said offense for four years.  See Group Exhibit Number 2.

The nature of the offense was intentionally and knowingly possessing less than a gram of cocaine in July of 1997.  See Group Exhibit Number 2.

The Court has already found that even though Mr. Avina was placed on deferred adjudication, said sentence sill constitutes a final conviction for purposes of Immigration law.  See In re Punu, Int. Dec. 3364 (BIA 1998); Martinez-Montoya v. INS, 904 F.2d 1018 (5th Cir. 1990); Pino v. Landon, 349 U.S. 901 (1955).

The Court has already discussed in detail the concerns it has about the logic of that decision, particularly in light of previous cases decided by the 5th Circuit as well

A 30 260 607                    4                    April 8, 2002

CH

as in light of Supreme Court law.  However, in the absence of any subsequent 5th Circuit or Supreme Court authority to the contrary, this court is of the opinion that it is bound to follow the Board precedent concerning whether a deferred adjudication, in fact, does constitute a "final conviction" for purposes of Immigration law.

The Court is satisfied that under the current applicable law, Mr. Avina's order of deferred adjudication does constitute a final conviction for Immigration purposes.

In addition, the Court also finds that Mr. Avina's conviction constitute an aggravated felony.  He was convicted under a Texas state law pertaining to a controlled substances offense.  In addition, he was convicted for a felony under the laws of the State of Texas.  As a result, the Court finds that said offense constitutes an aggravated felony.  See U.S. v. Enos Lopez, supra, and In re Salazar, supra.

As a result, it is the opinion of this Court that Mr. Avina is no longer eligible for cancellation of removal. See Section 240A of the Act.

The Court would note that it is unfortunate that Mr. Avina who has been a lawful permanent resident of the United States for over 30 years now finds himself in the position where he is not even eligible to have this Court consider, let alone grant his application for relief.  In addition, it is

A 30 260 607                    5                    April 8, 2002

CH

also very troubling to this Court that had this case been
adjudicated more quickly instead of the four years that it has
taken the Court to arrive at this point, Mr. Avina undoubtedly
would have been eligible for relief and very possibly would
have, particularly given his length time in the United States
and extensive factors meriting a grant of said relief, had a
very strong chance of prevailing on his claim for cancellation
of removal.  However, neither this Court nor the parties to
these proceedings could have in anyway predicted how this
matter ultimately would be decided and how the law would so
drastically change over the course of time that this case has
been pending.

     Mr. Avina has made some very compelling
constitutional arguments in his motion to terminate
proceedings.  The Court is again of the opinion, particularly
given the procedural history of this case, that in looking at
the question of due process certainly needs to be taken into
consideration again, the length of time that this case was
pending and the fact that Mr. Avina actually lost his chance
for qualifying for relief for cancellation of removal during
the course of these proceedings.

     However, unfortunately, this Court cannot address
any constitutional claims made by Mr. Avina.  Rather, such
claims must be decided in a different arena.  However, the

A 30 260 607                 6              April 8, 2002

CH

Court does want to make it clear for the record that in its opinion due process certainly would dictate that Mr. Avina at least be given the opportunity to have his application for cancellation of removal adjudicated by a Court of competent jurisdiction.

However, in light of the foregoing, this court is of the opinion that at this time Mr. Avina is ineligible to pursue his application for cancellation of removal. The Court is also of the opinion that he is no longer eligible for voluntary departure.

There being no other applications pending before this Court, it appears that the Court has no other choice but to order Mr. Avina removed from the United States to his native country of Mexico.

Wherefore, the following orders will be entered.

### ORDER

IT IS HEREBY ORDERED that Mr. Avina is <u>REMOVABLE</u> pursuant to Section 237(a)(2)(B)(I) of the Immigration and Nationality Act as charged in the charging document.

IT IS FURTHER ORDERED that Mr. Avina is <u>INELIGIBLE</u> for cancellation of removal.

IT IS HEREBY ORDERED that Mr. Avina is <u>INELIGIBLE</u> for voluntary departure.

IT IS HEREBY ORDERED that Mr. Avina be and is hereby

A 30 260 607                    7                    April 8, 2002

CH

     ordered REMOVED to his native country of Mexico.


                                                MARGARET BURKHART,
                                              Immigration Judge


A 30 260 607                .     8                  April 8, 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

MIGUEL ANGEL AVINA-FABELA,          )
                                    )
        Petitioner,                 )
                                    )
v.                                  )        CIVIL ACTION NO.
                                    )          B-03-172
A.G. WINFREY, et al.                )
                                    )
        Respondents.                )
_____ )



**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File:   A30-260-607 - HARLINGEN                          Date:

In re:   AVINA-FABELA, MIGUEL ANGEL

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:  Goodwin, Jodi, Esq.

ON BEHALF OF DHS:  Lessa N. Whatmough, ADC

SEP 09 2003

HARLINGEN, TX

SEP 15 PM 4:32

RECEIVED
DISTRICT COUNSEL

ORDER:

PER CURIAM.  The Board affirms, without opinion, the results of the decision below.  The decision below is, therefore, the final agency determination.  *See* 8 C.F.R. § 1003.1(e)(4).

Edward R. Grant

FOR THE BOARD